**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terry Marshall CAMPIE, Defendant–**
**Appellant.**

**No. 12–1102.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Sept. 17, 2012.

Filed: Dec. 11, 2012.

John L. Lane, Cedar Rapids, IA, for appellant.

Shannon L. Olson, Asst. U.S. Atty, Des Moines, IA (Nicholas A. Klinefeldt, U.S. Atty., on the brief), for appellee.

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

**PER CURIAM.**

Terry Marshall Campie pleaded guilty to attempting to use the Internet knowingly to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court[1] sentenced

---

**1.** The Honorable John A. Jarvey, United States District Judge for the Southern District    of Iowa.

him to a statutory minimum term of ten years' imprisonment, followed by ten years of supervised release. Campie appeals, asserting the ten-year period of supervised release is unreasonable. We review the reasonableness of the term for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Brewer,* 628 F.3d 975, 978 (8th Cir.2010).

Campie argues that his sentence is greater than necessary because he will be under supervision from ages sixty-four to seventy-four, he has no prior criminal record, and he is educated and employed. The advisory sentencing guidelines, however, recommend a term of supervised release between five years and life, USSG § 5D1.2(b)(2) & comment. (n.1); this is the same range authorized by statute, 18 U.S.C. § 3583(k). By way of policy statement, the Sentencing Commission further recommends that the court impose the statutory maximum term of supervised release (here, life) when a defendant is convicted of a "sex offense" within the meaning of the guideline. *Id.* § 5D1.2(b) (policy statement). Because Campie's term of supervised release is within the advisory range, and indeed less than the recommended term of life, we presume that it is reasonable. *United States v. Lincoln,* 413 F.3d 716, 717 (8th Cir.2005); *see Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

The circumstances cited by Campie are not so compelling as to require a term of supervised release of fewer than ten years. While Campie focuses on mitigating factors, other evidence militates in favor of a longer period of interaction with the probation office for a sex offender after incarceration—namely, information that Campie has suffered from a history of depression and lacks "social support" other than a close relationship with his son. While a court may not lengthen a term of imprisonment to foster a defendant's rehabilitation, *Tapia v. United States,* —— U.S. ——, 131 S.Ct. 2382, 2385, 180 L.Ed.2d 357 (2011); 18 U.S.C. § 3582(a), supervised release is governed by a different statute that directs the court to consider how to provide the defendant with "correctional treatment in the most effective manner." 18 U.S.C. §§ 3583(c), 3553(a)(2)(D); *see also United States v. Love,* 19 F.3d 415, 417 n. 4 (8th Cir.1994) (citing legislative history that a "primary goal of supervised release" is to provide rehabilitation to a defendant who still needs supervision). And it is not self-evident, as Campie suggests, that it is a "waste of government resources" to supervise a sex offender in his seventies. *Cf. United States v. Grigsby,* 270 Fed.Appx. 726, 727 (10th Cir.2008); *United States v. Quinn,* 257 Fed.Appx. 864, 866 (6th Cir. 2007); *United States v. MacEwan,* 445 F.3d 237, 249 n. 11 (3d Cir.2006).

The judgment of the district court is affirmed.